JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 14-1830-DOC (JCGx)          Date: January 22, 2015

Title: EARL M. GOFF v. DIAL & ASSOCIATES PC, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE TO STATE COURT FOR IMPROPER REMOVAL**

Federal courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). If at any time a federal court determines that it lacks subject-matter jurisdiction, it must dismiss or remand the action. *See* Fed. R. Civ. P. 8(h)(3). A Court may raise the question of subject-matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Having considered the Notice of Removal (Dkt. 1) and the First Amended Complaint ("FAC") (Dkt. 1) the Court hereby REMANDS the case to state court for lack of subject-matter jurisdiction.

## I. Background

### A. Facts

Plaintiff Earl M. Goff was formerly employed by Defendant Dial & Associates PC as a paralegal. FAC ¶ 9. Both parties are citizens of California. *Id.* ¶¶ 4-5. Plaintiff alleges that, during his term of employment, Defendant deprived him of meal breaks, rest breaks,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1830-DOC (JCGx)                                    Date: January 22, 2015
                                                                                                                                                                                                                            Page 2

and overtime compensation because he was incorrectly classified as an exempt employee. *Id*. ¶ 10. Plaintiff also alleges that Defendant did not provide him with accurate wage statements listing the total hours worked and wages earned. *Id*. ¶¶ 20-21.

On April 25, 2014, Plaintiff and Defendant were at the Dial & Associates office assisting their client, D.H., with a workers' compensation claim. *Id*. ¶ 28. Plaintiff heard Defendant speaking with O.M., Esq. ("O.M.") regarding D.H.'s workers' compensation Compromise and Release. *Id*. ¶ 29. During this conversation, Defendant and O.M. agreed that Dial & Associates would receive $1,575 in attorney fees for a deposition. *Id*. Plaintiff later informed Defendant that acceptance of this fee was unethical and a violation of the law because the deposition never occurred. *Id*. ¶ 30. For this reason, Plaintiff informed Defendant that he did not want his commission from the fee. *Id*.

Shortly thereafter, Plaintiff's employment was terminated. *Id*. ¶ 46. Plaintiff alleges that his termination was retaliatory as the result of his complaint and refusal to partake in the acceptance of the deposition fee. *Id*.

### B.    Procedural History

On July 10, 2014, Plaintiff filed a complaint in the Orange County Superior Court for (1) Failure to Pay Overtime Compensation; (2) Failure to Provide Rest Periods (Or Compensation Therefor); (3) Failure to Provide Meal Periods (Or Compensation Therefor); (4) Failure to Provide Itemized Wage Statements; (5) Violation of the Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.; and (6) Common Counts. *See generally* Compl. (Dkt. 1).

On November 10, 2014, Plaintiff filed a First Amended Complaint for (1) Violation of the Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. and (2) Wrongful Termination. *See generally* FAC. Plaintiff bases his Unfair Competition Law (UCL) claim, in part, on alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. FAC ¶ 32. His Wrongful Termination claim also mentions that Defendant was engaged in racketeering in violation of 18 U.S.C. § 1862.

On November 17, 2014, Defendant removed the action to this Court. *See* Notice of Removal. In its Notice of Removal, Defendant stated that the Court has federal question jurisdiction over the alleged RICO violations under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. *Id*. at ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1830-DOC (JCGx)                                           Date: January 22, 2015
                                                                                                                       Page 3

## II.     Legal Standard

Remand may be ordered for lack of subject-matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

A court has federal question jurisdiction over a case or controversy when a well-pled complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. 28 U.S.C. § 1331; *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pled complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pled complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). The mere presence of a federal issue in a state law cause of action is not sufficient in and of itself to confer federal question jurisdiction. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810-12 (1986).

## III.     Analysis

### A.     The Court Lacks Federal Question Jurisdiction Over Plaintiff's UCL Claim

Defendant's removal of this action from state court is based on the alleged RICO violations stated in Plaintiff's FAC. Notice of Removal ¶¶ 1-2. Defendant contends that removal is proper because this Court has federal question jurisdiction over Plaintiff's claims arising under 18 U.S.C. § 1962. *Id*. Plaintiff, however, does not specifically raise a cause of action for RICO violations in his FAC. In fact, Plaintiff does not bring any federal causes of action. *See generally* FAC. Instead, civil RICO violations are alleged as the basis for Plaintiff's UCL claim. FAC ¶¶ 31-38. Thus, the Court will resolve whether alleging a civil RICO claim as a predicate statute for bringing a UCL claim is sufficient to confer federal question jurisdiction over a lawsuit.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-1830-DOC (JCGx) | Date: January 22, 2015 |
| | Page 4 |

California's UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Violation of a federal, state, or local law may serve as the basis for a UCL claim. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citations omitted). However, Plaintiff's allegation that Defendant committed a RICO violation under the UCL does not automatically mean that Plaintiff has alleged a federal cause of action. A case arises under federal jurisdiction only when "the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." *Int'l Union of Operating Engineers v. Cnty. of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009). Furthermore, "where a violation of a federal statute is one of several independent allegations supporting a state law cause of action, the state law cause of action does not 'necessarily turn' on the construction of the federal statute." *Sanchez v. Am. Brokers Conduit*, No. 5:10-CV-01291-JHN, 2011 WL 164634, at *3 (C.D. Cal. Jan. 14, 2011) (citing *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345-46 (9th Cir. 1996)). Therefore, "the mere fact that the UCL claims *could* be derivative of . . . RICO claims does not establish [federal question] jurisdiction." *Pelloni v. WE: Women's Entm't Network*, No. CV 08-05612, 2008 WL 4501845, at *6 (C.D. Cal. Oct. 5, 2008).

Plaintiff has alleged civil RICO violations as one way in which Defendant has violated the UCL. This claim stems from Plaintiff's belief that Defendant engaged in mail and/or wire fraud by attempting to charge and collect the deposition fee from O.M. FAC ¶¶ 31-38. The civil RICO violations, however, are not the only alleged basis for Plaintiff's UCL claim. Plaintiff's First Cause of Action also states that Defendant failed to provide rest breaks, meal breaks, and overtime compensation. These are state law violations which would all be alternative reasons for Defendant's violation of the UCL. FAC ¶¶ 24-27. Since any of these alleged unlawful business practices may give rise to liability under the UCL, a jury could find that Defendant violated the UCL without also finding that it violated the federal RICO statute. *See Pope v. Wells Fargo Bank, N.A.*, No. CIV. 2:10-2807 WBS, 2010 WL 8388301, at *3 (E.D. Cal. Nov. 29, 2010). Therefore, the federal law is not a necessary element of Plaintiff's claim. Federal question jurisdiction over a UCL claim is typically "based on either the violation of a federal statute over which federal courts have exclusive jurisdiction or the violation of a single federal statute with no allegations of state law violations." *Id*. Because Plaintiff has alleged viable non-federal alternatives to support his UCL claim, federal question jurisdiction is not established.

Accordingly, the Court lacks federal question jurisdiction over Plaintiff's UCL claim and must remand the claim back to state court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1830-DOC (JCGx)                                                    Date: January 22, 2015
                                                                                                                                             Page 5

### B. The Court Lacks Federal Question Jurisdiction Over Plaintiff's Wrongful Termination Claim

The Court must determine whether federal jurisdiction remains over the Wrongful Termination claim. This claim is also a state cause of action, similar to Plaintiff's UCL claim. Defendant removed this claim on the basis that RICO violations are also "core allegations" of this Wrongful Termination claim. Notice of Removal ¶ 1.Therefore, the Court will apply the same analysis used to assess the UCL claim.

Plaintiff does not invoke federal law as the reason for which he alleges Wrongful Termination. Plaintiff complained to his employer because he believed his employer had violated federal law 18 §§ U.S.C. 1962, et. seq. However, his employer's federal law violation is not the direct reason why Plaintiff's termination is allegedly wrongful. FAC ¶ 46. Instead, Plaintiff pleads that his termination was motivated by retaliation, which is a violation of California law. *Id*. ¶ 46-50. Retaliation can be established without determining whether Defendant actually violated federal law. Plaintiff only needs to have "reasonable cause to believe" that Defendant did so. *See* Cal. Labor Code § 1102.5(b), (c). Because the resolution of Plaintiff's wrongful termination claim does not turn on a federal question, federal question jurisdiction is not established.

Even reading Plaintiff's complaint as claiming that his termination directly violated 18 §§ U.S.C. 1962, *et. seq.*, federal question jurisdiction still would not apply. Similar to the UCL claim, Plaintiff also states theft (Cal. Pen. Code §§ 484, 487) and fraud (Cal. Civ. Code §§ 1572, 1709; Cal. Ins. Code §§ 1871, *et. seq*.) as additional independent allegations supporting his state law wrongful termination cause of action. FAC ¶ 46, 50. Therefore, the federal racketeering allegation would not be a necessary element to his Wrongful Termination claim.

Accordingly, the Court lacks federal question jurisdiction over Plaintiff's Wrongful Termination claim.

### C. The Court Lacks Supplemental Jurisdiction Over Plaintiff's State Law Claims

Because the Court does not have federal jurisdiction over either of Plaintiff's claims, the Court does not have supplemental jurisdiction over Plaintiff's state law claims.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1830-DOC (JCGx)                                                Date: January 22, 2015

Page 6

## IV.   Disposition

For the foregoing reasons, the Court REMANDS this action to state court. All pending motions and hearing dates are VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                              Initials of Deputy Clerk: djg
CIVIL-GEN